AARON PRESCOTT, Administrator *vs.* JOHN PRESCOTT & others.

A legacy, which is given over after the death of the first legatee, does not lapse by the death of the first legatee during the testator's life, but vests in the legatee in remainder, on the testator's death. But if the first legatee and also the legatee in remainder die before the testator, the legacy lapses and falls into the residue of the testator's estate : So does a legacy, which is given on a condition that is not performed.

A testator, among other legacies, bequeathed $500 to his daughter H., towards her support, and $400 to his son J., towards his support, with directions that if any part of the legacy to H. should be unexpended at her decease, such part should be divided equally among the testator's grandchildren, and if any part of the legacy to J. should be unexpended at his decease, such part should be paid to J.'s daughter M.; also a legacy (on a condition which was never performed) to his grandson J. S. : The testator also directed, that if his estate should not be sufficient to pay in full all the legacies given by his will, the several legacies should be proportionally diminished; and if his estate should be more than sufficient to pay said legacies, they should be proportionally increased : By a codicil, the testator directed, that if his estate should exceed the amount of the legacies given by his will, then. instead of said legacies being proportionally increased as in said will directed, said H. and J. should each have $100, and said M. $50, and four of his grandchildren (named) $25 each. "to be paid to them, respectively, out of the excess, if enough, and if not, to be paid proportionally, and if more, to be paid proportionally :" The testator left nine grandchildren, and his estate was more than enough to pay all the legacies given by his original will; but H. and M. died without issue, during the testator's life. *Held,* that the $500 legacy to H. vested in the nine grandchildren; and that the remainder of J.'s $400 legacy, which was given over to M., the forfeited legacy of J. S., and the legacies given to H. and to M. in the codicil, fell into the residue of the testator's estate, and that this residue was given to J. and the four grandchildren named in the codicil, in the proportions therein mentioned.

BILL IN EQUITY, brought by the administrator, with the will annexed, of the estate of John Prescott, late of West

ford, against said John's heirs and legatees. It was alleged in the bill that said John made his last will, on the 25th of June 1830, and therein (among other things) devised to his wife, Martha Prescott, for her life, all his real estate which it should not be necessary for his executor to sell for payment of debts, &c., with power to his executor to sell, with the consent of said Martha, all the real estate, and pay to her the interest and income of the net proceeds of the sale, during her life: That said will further directed, that if tne executor should not sell the real estate during said Martha's life, he should sell it at her decease, and that out of the proceeds of the sale there should be retained by the executor, or by a trustee to be appointed for that purpose, the sum of $500, the interest whereof, commencing in one year after said Martha's decease, should be paid to the testator's daughter Hannah, during her life; and if the interest of said sum should not be suffi cient for the maintenance of said daughter, the executor or trustee should pay her, from time to time, such part of the principal as should be thought proper, and the interest on the remainder; and that if, at the decease of said daughter, any part of said sum should remain unexpended, the same should be equally divided among the testator's grandchildren: That the testator further ordered, that if his estate, at the decease of his wife, should not amount to the sum of all the legacies given by his will, the several legacies should be proportionally decreased ; and if it should amount to more, the several legacies should be proportionally increased: That the testator, after the execution of his said will, sold all his real estate, and made the following codicil to his will: "It is my will that my executor should hold all my estate (except that part thereof which is devised absolutely to my said wife) in trust, after paying himself a reasonable compensation for the care and management of said property, to pay over to my said wife all the income thereof, annually, for and during her life; and at her decease, if the estate which I have left should exceed the amount of tne specific sums in my above will given, then, instead of said sums or legacies being increased, as in the last clause of my said will is provided, I give to mv

son John Prescott, jr., and my said daughter, Hannah Prescott, the sum of $100 each ; and to my granddaughter, Martha Ann Prescott, daughter of my son, John Prescott, jr., $50; and to my grandchildren, Thomas E., Alfred A., Elizabeth G. and Abigail E., children of my son Joshua Prescott, the sum of $25 each, to be paid to them respectively, out of the excess, if enough, and if not, to be paid proportionally ; and if more, to be paid proportionally."

That the testator's said wife, and his daughter Hannah, and granddaughter Martha Ann, died before the testator — the two latter leaving no issue :   That the testator left nine grandchildren, viz., Thomas E., Alfred A., Elizabeth G. and Abigail E., children of his son Joshua Prescott ;  Aaron A., Sarah A. and Abigail E., children of his son Thomas Prescott ; and John S. and Sarah H., children of his deceased son, Samuel Prescott : That the testator left property more than sufficient to pay all the legacies given by his original will :   That the legacy given to said Hannah, by her death before the testator, either lapsed or devolved on his grandchildren, and may be claimed by John Prescott, a son of the testator, and Thomas E., Alfred A., Elizabeth G. and Abigail E., children of said Joshua Prescott, as part of the residue or excess of the testator's property, by virtue of said codicil ; and may also be claimed by the nine grandchildren above named, as vested in them by the limitation over to them in the original will :   That by reason of the aforesaid conflicting claims, and the doubts as to the legal operation of the provisions of said will and codicil, the plaintiff might be put to trouble and expense.   Wherefore the plaintiff prayed that said legatees might be required to interplead and settle their rights, &c.

The plaintiff also filed an amendment of the foregoing bill, wherein he alleged that the testator, by his said will, bequeathed to John S. Prescott, a son of his deceased son, Samuel Prescott, $70, to be paid out of the proceeds of his real estate, in one year after the death of the testator's wife, on condition that said John S. should pay and discharge a note, which the testator had signed for him, for the same sum ; and that said John S.

had not performed the condition on which said sum was bequeathed to him.

The plaintiff further alleged, in said amendment, that the testator, by his said will, bequeathed $400, to be retained in the hands of his executor or trustee, out of the proceeds of his real estate, for the use of his son John Prescott, jr., the interest of which sum was to commence and to be paid to said John, jr. in one year after the death of the testator's wife; and if, after that time, the maintenance of said John, jr. should require more than the interest of said sum, his executor or trustee was directed to pay such part of said principal as he might deem expedient, with the annual interest of what might remain ; and if any part of said sum should remain unexpended on the death of said John, jr., he bequeathed it to Martha Ann Prescott, daughter of said John, jr. :   That the testator made a codicil [reciting it, s stated, *ante*, 142, 143 :]   That the remainder of the said legacy of $400, given to said John, jr., and limited over to his daughter Martha Ann, and also the legacy of $50, given to said Martha Ann in said codicil, and the legacy therein given to said Hannah Prescott, had lapsed and fallen into the residue of the testator's estate, by reason of the death of those several legatees before the death of the testator :   That the said legacy, given to John S. Prescott, on condition, had also fallen into said residue, by reason of the non-performance by him of said condition :   That said legacies might be claimed as undevised property, by all the testator's heirs, and might also be claimed by the said John and the said four children of Joshua Prescott, by virtue of the provisions contained in said codicil.   The plaintiff therefore prayed that the several parties, who might claim as aforesaid, should be required to interplead, &c.

The several parties named as adverse claimants in the original bill and the amendment thereof, (except two, who were not within the jurisdiction of the court,) filed answers, admitting the facts to be as alleged by the plaintiff, and submitting their claims respectively to the decision of the court.

*A. Prescott*, pro se.

*J. Prescott*, for the defendants.

WILDE, J.   The first question is, whether the legacy given to the testator's daughter Hannah lapsed by her death before the death of the testator, or vested, by the limitation over, in the testator's grandchildren.   And we think it very clear, that the legacy vested in the grandchildren, on the death of the testator, by the limitation over to them after the death of the first named legatee.   The general rule is, that if a legatee die before the testator, the legacy is lapsed, and sinks into the residuum of the testator's personal estate.   But the rule does not extend to a legacy given over, after the death of the first legatee ; for in such case the legatee in remainder is entitled to have it immediately. Such a limitation in remainder of a legacy, or of personal property, is clearly valid according to all the authorities.   Toller on Executors, (4th ed.) 304.   Bac. Ab. Legacies, E. 1.   1 Roper on Leg. (1st Amer. ed.) 333, 334, 394.   2 Pick. 472.   The gift of the remainder to the grandchildren vested the whole legacy in them, as fully as if they had been expressly substituted in the room of ·e first legatee, in case of her death before the death of the testator.   This must have been the intention of the testator, and there is no rule of law to prevent its taking effect accordingly.

But this exception to the general rule as to lapsed legacies is not applicable to the legacy of $100, given to the testator's daughter Hannah, and to the other legacies now in controversy. There is no limitation over of these legacies ; and as Hannah and Martha Ann died before the testator, the legacies to them lapsed, and fell into the residue of the testator's estate.   And the same general rule will apply to the remainder to Martha Ann of the legacy of $400, given to John Prescott for life, if any part of the said legacy should remain at his death.   So, also, the legacy to John S. Prescott, given upon condition, falls into the residue of the estate ; the same having become forfeited and void by the non-performance of the condition.

The only remaining question is, who are entitled to the residue of the estate, after payment of the specific legacies. The rule is, that lapsed legacies of personal estate pass to the residuary legatee, if any there be, and if not, to the next of kin. This rule, by the common law, does not apply to lapsed devises

of real estate. The distinction is founded on another principle of the common law, by which a devise of real estate is limited in its operation to lands of which the testator was seized when he made his will. *Hayden* v. *Inhabitants of Stoughton,* 5 Pick. 538. The foundation of this distinction is removed by the Rev. Sts. *c.* 62, § 3, which provide that "any estate, right, or interest in lands, acquired by the testator after the making of his will, shall pass thereby, in like manner as if possessed at the time of making the will, if such shall clearly and manifestly appear, by the will, to have been the intention of the testator." This provision seems to remove the distinction between real and personal estate, so that now all legacies and devises pass to the residuary legatee. This point, however, is not material in the present case ; as, after the making of his will, and before the making of the codicil, the testator had sold his real estate, and it is not stated that he died seized of any real estate. By a clause in the will it was provided, that if the estate of the testator should exceed the amount of the legacies therein given, then they should all be proportionably increased ; and if the amount of the estate should be less than the amount of the legacies, then the legacies should be proportionably diminished ; so that the legatees were to take the whole estate, and there could be no residue. But this provision is changed by the codicil, which substitutes other legatees, who were to take the residue of the estate, after the payment of the legacies given by the will, in case the amount of the estate should exceed the amount of those legacies, instead of the former legacies being increased, as provided in the will. By this provision in the codicil, it is clear, we think, that the surviving legatees therein named are entitled to the whole of the residue of the estate, after the payment of the legacies given by the will. For although specific legacies are given by the codicil, yet it is provided, that if the residue shall exceed the amount of the legacies given, the same shall be proportionally increased, so as to include the whole of the residue, after payment of the legacies given by the will. It was manifestly the intention of the testator to dispose of the whole of his estate. The claim, therefore, of his heirs at law cannot be maintained

A decree will be made, ordering the administrator with the will annexed to pay to the grandchildren of the testator, in equal shares, the sum of $500, which was given for the use of Hannah Prescott, and to which they are entitled by the limitation over to them; and further, that he pay the excess and residue of the testator's estate, that may remain in his hands, (after deducting and paying the legacies given in the will, and not lapsed nor forfeited, and the expenses of administration,) to the surviving legatees named in the codicil, in the proportions therein mentioned.